Davis, J.
The statute “to limit the compensation of county officers in Holmes county,” (93 O. L., 660) which is drawn in question in these cases, is in conflict with the first clause of Sec. 26, Art. 2 of the constitution. For the reasons for our conclusion on *564 this point we refer to State ex rel. Guilbert v. Yates, ante, page 546, which reasons need not be repeated here. This act is unconstitutional, also because it is conditioned to take effect only upon the result of an election by the people (Constitution, Art. 2, Sec. 26, second clause). Section 13 of the act provides for a vote upon the proposition, “For the county salary law. Against the county salary law;” and then provides that if a majority of the votes cast on said proposition shall be in favor of a salary law the act “shall take effect and be in force” from and after a day named, otherwise' that the act should be void. The act cannot take effect under the Revised Statutes, Sec. 77, because it contains a provision as to the time when it shall take effect and be in force, if at all. Hence the taking effect, as well as the enforcement of the statute, is made to depend on the approval of another authority than the general assembly, namely, the will of a majority of the electors. The entire legislative power of the state is vested in the general assembly (Constitution, Art. 2, Sec. 1), and even without the limitation contained in Sec. 26, Art. 2, it could not be delegated. It was held in Railroad Co. v. Commissioners, 1 Ohio St., 77, 87, which was a case under the constitution of 1802, that the power of the general assembly to pass laws could not be delegated by them to any other body or to the people; and this proposition is abundantly sustained by numerous authorities cited in the brief of the plaintiff in error.
The cases of State ex rel. v. Commissioners, 5 Ohio St., 497; Noble et al. v. Commissioners, 5 Ohio St., 524; Peck v. Weddell, 17 Ohio St., 271, and Newton et al. v. Commissioners, 26 Ohio St., 618, were all cases in which it was required by the consti *565 tution (Art. 2, Sec. 30) before the taking effect of the laws that they should be submitted to the electors of the counties to be affected thereby and adopted by a majority of the electors voting at such election. In each of those cases the question was whether some other thing than the voting was necessary before the law could “take effect;” and the court held that the acts became laws when adopted by a majority of the electors of the county, but that the legislative intention was that the law should not be enforced until the condition precedent should be performed. In Trustees v. Cherry et al., 8 Ohio St., 564, the court held that the vote which was required was a condition precedent to make an assessment to pay for the grounds which the trustees were authorized by the act to purchase. In Gordon v. State, 46 Ohio St., 607, the act in question provided that it should take effect and be in force from and after its passage; but the question was whether the local option provision contained in the act rendered it unconstitutional. The court held that the act “was a complete law when it had passed through the several stages of legislative enactment and derived noné of its validity from the vote of the people. In all its parts it is an expression of the will of the legislative department of the state.” Our conclusion is that there is nothing either in principle or the decisions of this court contravening the view which we have expressed concerning the effect of Sec. 13 of the act (93 0. L., 660). It affects the whole act and the act is as if it never had been passed.
Judgment o>f the circuit court and of the court of common pleas Reversed.
Buricet, Shauck and Price, JJ., concur.
Spear, J., concurs in the judgment of reversal and in the second proposition of the syllabus.